UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIELLE PECK, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> MERCY HEALTH, MERCY HEALTH FOUNDATION, and MHM SUPPORT SERVICES, <br><br> Defendants. | Civil Case No.: <br><br> JURY TRIAL DEMANDED |

**COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND**

1. This collective and class action is brought by Danielle Peck, on behalf of herself and all others similarly situated, by and through her attorneys, Brown, LLC and Engelmeyer & Pezzani, LLC, against Defendants Mercy Health, Mercy Health Foundation, and MHM Support Services, to recover overtime compensation and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Oklahoma Protection of Labor Act, 40 Okl. St. Ann §§ 165.1, et seq., §§ 197.1, et seq., and Okla. Admin, Code §§ 380:30-1-2, et seq. ("OPLA"), and under Oklahoma common law for breach of implied contract, and alternatively quantum meruit and unjust enrichment.

2. At all relevant times, Defendants employed hourly employees, including but not limited to, "Unit Registration Representatives" who are responsible for checking-in and admitting patients, coordinating and communicating with medical professionals and security, answering doors, calls, and patient call lights, and data entry.

3. Hourly-paid employees are/were subject to Defendants' Meal Break Deduction Policy, pursuant to which Defendants' computerized timekeeping system automatically deducts

one half-hour from hourly-paid employees' paychecks each day for a meal break, despite the fact that Defendants know that hourly-employees regularly work during their purported meal breaks.

4. Plaintiff brings her FLSA claim (Count I) individually and on an opt-in collective basis pursuant to 29 U.S.C. § 216(b) on behalf of herself and current or former hourly-paid employees of any of the Defendants, who were or are subject to Defendants' automatic meal break deduction policies at any time from three years prior to the filing of this Complaint through the date of judgment (the "FLSA Collective"), and seeks declaratory relief and unpaid overtime pay, liquidated damages, fees and costs, and any other remedies to which they may be entitled.

5. Plaintiff brings her claims under the Oklahoma Protection of Labor Act, 40 Okl. St. Ann §§ 165.1, *et seq.*, §§ 197.1, *et seq.*, and Okla. Admin, Code §§ 380:30-1-2, *et seq.* ("OPLA"), and under Oklahoma common law for breach of implied contract, and alternatively quantum meruit and unjust enrichment (Counts II-IV), individually and on an opt-out class basis pursuant to Fed. R. Civ. P. 23 on behalf of current or former hourly employees of any of the Defendants who worked in Oklahoma who were or are subject to Defendants' automatic meal break deduction policies at any time from three years prior to the filing of this Complaint through the date of judgment (the "Oklahoma Class").

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

7. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. The Court has personal jurisdiction over the Defendants because they are domiciled in Missouri.

9. Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391 because Defendants reside in this district.

## PARTIES

**Plaintiff**

10. Plaintiff Danielle Peck is an adult resident of Oklahoma County, Oklahoma.

11. Plaintiff has been employed by Defendants as a Unit Registration Representative from July 2016 through the present.

12. Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals were, or are, employed by Defendants as Unit Registration Respresentatives, or in other hourly positions, within three years of the date this Complaint was filed. *See* 29 U.S.C. § 255(a).

**Defendant**

13. Defendants Mercy Health, Mercy Health Foundation, and MHM Support Services are Missouri non-profit corporations with their principal places of business located at 14528 S. Outer Forty Suite 100, Chesterfield, Missouri, 63017.

14. Defendants have designated the following registered agent for service of process in Missouri: CSC-Lawyers Incorporating Service Company, 221 Bolivar St, Jefferson City, Missouri, 65101.

15. Defendant Mercy Health is one of the top five largest U.S. health systems and is a highly integrated, multi-state health care system, with locations in Missouri, Oklahoma, Arkansas, and Kansas.

16. Defendant Mercy Health Foundation provides philanthropic support to hospitals.

17. Defendant MHM Support Services conducts centralized activities asnd functions

3

and provides centralized services that are essential to carrying out the hospital members' tax-exempt purposes.

## FACTUAL ALLEGATIONS

18. Defendants are an enterprise whose annual gross volume of sales made or business done exceeds $500,000. Pursuant to Defendants' Meal Break Deduction Policy, Defendants' computerized timekeeping system automatically deducts one half-hour from hourly-paid employees' paychecks each day for a meal break.

19. Hourly-paid employees do in fact perform work during those breaks and are not paid for such work.

20. Defendants know that the hourly-paid employees perform work during their purported meal breaks, but still do not pay them for this time pursuant to their Meal Break Deduction Policy.

21. For example, hourly-paid employees perform work on Defendants' premises, in plain sight, and at management's request.

22. Defendants' management has repeatedly observed hourly-paid working though their unpaid meal breaks.

23. Hourly-paid employees complained to Defendants' about working through their meal periods and were not getting paid for such work.

24. When questioned by employees about the Meal Break Deduction Policy, the Defendants' management stated that the employees were being fully paid for the work time for which they were entitled to be paid, even though Defendants knew compensable work time was being excluded from the employees' pay. These representations were part of a course of conduct

to defraud hourly-paid employees from the pay they were owed, and to mislead them into believing they had been fully paid as required by law.

25. Defendants suffered and permitted Plaintiff and other hourly employees to work more than forty (40) hours per week.

26. In many weeks, the time hourly-paid employees spent working during their purported meal breaks was in excess of forty (40) hours in a workweek.

27. Defendants failed to pay Plaintiff and other hourly employees for all hours worked in excess of forty (40) in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff, on behalf of herself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

29. Plaintiff files this action on behalf of herself and all similarly situated individuals. The proposed FLSA Collective is defined as follows:

> *Any current or former hourly-paid employees of any of the Defendants who were or are subject to the automatic meal break deduction policies at any time from three years prior to the filing of this Complaint through the date of judgment.*

30. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as Exhibit 1. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

31. During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving compensation for all of their overtime hours worked.

32. Defendants willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to:

   a. Failing to pay the FLSA Collective members for hours worked in excess of forty (40) in a workweek, *see* 29 U.S.C. § 255;

   b. Utilizing a time-keeping system that performs automatic deductions regardless of whether employees perform compensable work during meal breaks;

   c. Employees have complained to management about this practice, and;

   d. Management told employees that they were being paid for all hours worked despite Defendants' knowledge that this was inaccurate.

33. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and other members of the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous members of the FLSA Collective who have suffered from the Defendants' practice of denying overtime pay to hourly employees who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through their records.

## **CLASS ACTION ALLEGATIONS**

34. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

35. Plaintiff brings claims under the Oklahoma Protection of Labor Laws, 40 Okl. St. Ann §§ 165.1, *et seq.*, §§ 197.1, *et seq.*, and Okla. Admin, Code §§ 380:30-1-2, *et seq.*, and under Oklahoma common law for breach of implied contract, and alternatively quantum meruit and unjust enrichment, individually and on a class basis pursuant to Fed. R. Civ. P. 23 on behalf of the Oklahoma Class, which includes:

> *Any current or former employees of any of the Defendants, who worked in Oklahoma and were or are subject to the automatic meal break deduction policies at any time from three years prior to the filing of this Complaint through the date of judgment.*

36. This action is properly brought as a class action pursuant to the class action procedures of Rule 23 of the Federal Rules of Civil Procedure.

37. The class described above is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least forty (40) members of the Class.

38. This litigation is properly brought as a class action because of the existence of questions of fact and law common to Plaintiff and the Class members which predominate over any questions affecting only individual members, including:

    a. Whether Defendants "employed" members of the class described above for purposes of applicable state wage statutes;

    b. Whether Defendants are liable to members of the class described above for violations of the applicable labor codes;

    c. Whether Defendants failed to pay members of the Class described above for all hours worked;

    d. Whether Defendants impliedly contracted to pay members of the Class described above for all hours worked;

    e. Whether Defendants caused damage to members of the Class described above by failing to pay them for all hours worked;

    f. Whether Defendants' failure to pay members of the Class described above for all hours worked constitutes unjust enrichment.

39. This litigation is properly brought as a class action because the Plaintiff's claims are typical of the claims of the members of each respective class, inasmuch as all such claims

arise from Defendants' standard policies and practices, as alleged herein. Like all Class members, the Plaintiff was damaged by Defendants' system-wide policies and practices of failing to pay wages for all hours worked in a work week including failing to pay overtime for all hours worked in excess of forty (40), thus giving rise to legal remedies under applicable state statutes and common law.

40. Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

41. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

a. <u>Numerosity under Fed. R. Civ. P. 23(a)(1).</u> Despite the size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation;

b. <u>Commonality under Fed. R. Civ. P. 23(a)(2).</u> Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the putative Class in litigating the common issues on a class wide basis instead of on a repetitive individual basis;

c. <u>Typicality under Fed. R. Civ. P. 23(a)(3).</u> Plaintiff's claims are typical and not antagonistic to the claims of members of the proposed class; and

  d. <u>Adequacy of Representation under Fed. R. Civ. P. 23(a)(4)</u>. Plaintiff has retained counsel competent and experienced in complex class action litigation and intend to prosecute this action vigorously. No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

42. Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests. Plaintiff anticipates there will be no difficulty in the management of this litigation. This litigation presents claims under applicable state wage statutes and common law of a type that have often been prosecuted on a class wide basis, and the manner of identifying the Class and providing any monetary relief to it can easily be effectuated from a review of Defendants' records.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME
**(on behalf of Plaintiff and the FLSA Collective)**

43. Plaintiff, on behalf of herself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

44. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

9

45. Defendants suffered and permitted Plaintiff and the members of the FLSA Collective to routinely work more than forty (40) hours per week without overtime compensation.

46. Defendants' actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the members of the FLSA Collective the required overtime compensation.

47. Defendants knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

48. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the members of FLSA Collective have suffered a loss of income and other damages. Plaintiff and the FLSA Collective members are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

## COUNT II – VIOLATION OF THE OPLA

### FAILURE TO PAY WAGES

**(On Behalf of Plaintiff and the Oklahoma Class)**

49. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

50. OPLA requires Oklahoma employers to "pay all wages due their employees, other than exempt employees, . . . at least twice each calendar month on regular paydays designated in advance by the employer." 40 Okla. Stat. §165.2.

51. The term "wages"" is defined as:

Compensation owed by an employer to an employee for labor or services rendered, including salaries, commissions, holiday and vacation pay, overtime pay, severance or

10

>dismissal pay, bonuses and other similar advantages agreed upon between the employer and the employee, which are earned and due, or provided by the employer to his employees in an established policy, whether the amount is determined on a time, task, piece, commission or other basis of calculation.

40 Okla. Stat. § 165.1(4)

52. OPLA regulations further provide: "(a) Regular wages are those payments that an employee receives for services rendered in the regular course and scope of employment. . . . Payment must be made for all time worked." OAC § 380:30-1-8.

53. Defendants collectively and individually constitute an "employer" within the meaning of Okla. Stat. tit. 40, § 165.1(1).

54. Plaintiff and members of the Oklahoma Class are "employees" within the meaning of Okla. Stat. tit. 40, § 165.1(2).

55. Defendants agreed to pay to pay Plaintiff and members of the Oklahoma Class for all hours worked, as evidenced by Defendants paying them an hourly rate of pay, furnishing them paystubs showing their agreed hourly rates, and instructing them to use Defendants' time-keeping system in order to be paid, or not paid, for any time.

56. Defendants promulgated a formal (but ineffectual) policy of paying Plaintiff and members of the Oklahoma Class for all hours worked, as evidenced by Defendants paying them an hourly rate of pay, furnishing them paystubs showing their agreed hourly rates, and instructing them to use Defendants' time-keeping system in order to be paid, or not paid, for any time.

57. Defendants failed to pay Plaintiff and members of the Oklahoma Class for all hours worked, contrary to its agreement with Plaintiffs and Putative Plaintiffs and Defendants' formal policy of paying Plaintiffs and Putative Plaintiffs for all hours worked.

58. Defendants deducted time for meal breaks from time worked by Plaintiff and members of the Oklahoma Class despite the fact that they worked during their purported meal periods..

59. A two (2) year statute of limitations applies to each such violation pursuant to Okla. Stat. tit. 12, § 95.

60. Plaintiff demands judgment against Defendants for total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and such other and further relief as may be just and proper pursuant to Okla. Stat. tit. 40, § 165.9.

## COUNT III

## BREACH OF IMPLIED CONTRACT UNDER OKLAHOMA COMMON LAW

### (On Behalf of Plaintiff and the Oklahoma Class)

61. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

62. Defendants and Plaintiff and members of the Oklahoma Class mutually assented to an implied contract for Defendants to pay DANIELLE PECK and members of the Oklahoma Class for all hours worked, as evidenced by their course of conduct, including paying them an hourly rate of pay, furnishing them paystubs showing their agreed hourly rates, and instructing them to use Defendants' time-keeping system in order to be paid, or not paid, for any time, as well as promulgating a formal (but ineffectual) policy of paying Plaintiff and members of the Oklahoma Class for all hours worked.

63. Defendants failed to pay Plaintiff and members of the Oklahoma Class for all hours worked, contrary to its agreement with them and its formal (but ineffectual) policy of paying them for all hours worked.

64. By not paying Plaintiff and members of the Oklahoma Class for all hours worked, Defendants systematically breached their contracts with them.

65. Plaintiff's and the Oklahoma Class members' remedies under the FLSA are inadequate in this case to the extent Defendants paid them more than the federally mandated minimum wage of $7.25 per hour but less than 40 hours per week (i.e., pure "gap time" claims).

66. As a direct and proximate result of Defendants' breaches of the contracts alleged herein, Plaintiff and members of the Oklahoma Class have been damaged, in an amount to be determined at trial.

67. A three (3) year statute of limitations applies to each breach pursuant to 12 Okl. St. § 95.

68. Plaintiff demands judgment against Defendants for total unpaid amounts, and such other and further relief as may be just and proper.

## COUNT IV – UNJUST ENRICHMENT/QUANTUM MERUIT UNDER OKLAHOMA COMMON LAW

**(On Behalf of Plaintiff and the Oklahoma Class)**

69. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

70. Plaintiff and members of the Oklahoma Class provided valuable services to Defendants, which Defendants received.

71. Defendants understood or reasonably should have understood that Plaintiff and members of the Oklahoma Class expected compensation for all hours of work they provided to Defendants.

72. The circumstances indicate that it would be unjust for Defendants to retain the benefit of all hours of work performed by Plaintiff and members of the Oklahoma Class without paying them for all such hours.

73. A two (2) year statute of limitations applies to Plaintiff's and Oklahoma Class members' claims for unjust enrichment/quantum meruit. See 12 Okl. St. § 95.

74. Plaintiff demands judgment against Defendants for total unpaid amounts, and such other and further relief as may be just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and those similarly situated, prays for judgment against Defendants as follows:

A. Certification of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. An order certifying this action as a class action for the Oklahoma Class pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's state law claims (Counts II, III, and IV);

C. An order declaring that Defendants' wage practices alleged herein willfully violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq,*;

D. An order declaring that Defendants' wage practices alleged herein willfully violated the Oklahoma Protection of Labor Act, 40 Okl. St. Ann §§ 165.1, et seq., §§ 197.1, *et seq.*, and Okla. Admin, Code §§ 380:30-1-2, *et seq.*;

E. An order declaring that Defendants' wage practices alleged herein breached Defendants' implied contractual obligation to pay Plaintiffs and members of the classes alleged herein for all hours worked, or alternatively, declaring that it would be unjust for Defendants to retain the benefit of all hours of work performed by Plaintiffs and members of the classes alleged herein without paying them for all such hours;

F. An order requiring Defendants, at their own expense, to investigate and account for the number of hours actually worked by Plaintiff and Putative Plaintiffs;

G. Designation of Plaintiff as the representative of the FLSA Collective and undersigned counsel as Collective counsel for the same;

H. Designation of Plaintiff as a representative of the Rule 23 Oklahoma Class and undersigned counsel as Class counsel for the same;

I. Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

J. Judgment against Defendants for violation of the overtime provisions of the FLSA;

K. Judgment that Defendants' violations of the FLSA were willful;

L. An award to Plaintiff and those similarly situated in the amount of unpaid wages owed and liquidated damages;

M. An award of prejudgment interest;

N. An award of reasonable attorneys' fees and costs; and

O. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff Danielle Peck, individually and on behalf of all others similarly situated, by and through her attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: July 9, 2021

RESPECTFULLY SUBMITTED,

By: /s Anthony M. Pezzani

Anthony M. Pezzani, #52900MO
tony@epfirm.com
Emily W. Kalla, #66300MO
emily@epfirm.com
ENGELMEYER & PEZZANI, LLC
13321 N. Outer Forty Road, Suite 300
Chesterfield, MO 63017
Phone: (636) 532-9933
Fax: (314) 863-7793

*Local Counsel for Plaintiff*

Jason T. Brown (will PHV)
jtb@jtblawgroup.com
Nicholas Conlon (will PHV)
nicholasconlon@jtblawgroup.com
Eric Sands (will PHV)
eric.sands@jtblawgroup.com
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
Phone: (877) 561-0000
Fax: (855) 582-5297

*Lead Counsel for Plaintiff*