UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIELLE PECK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-834 RLW |
| ) | |
| MERCY HEALTH, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' "Motion to Reconsider or to Amend/Modify Order and Certify for Interlocutory Appeal." (ECF No. 93). Plaintiff opposes the motion and it is fully briefed. (ECF Nos. 101, 106). For the reasons below, the Court will deny the motion.

BACKGROUND

Plaintiff Danielle Peck brings this action against Defendants Mercy Health, Mercy Health Foundation, and MHM Support Services (collectively, "Mercy") for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), the Oklahoma Protection of Labor Act, Okla. Stat. tit. 40, §§ 165.1 *et seq.* ("OPLA") and Oklahoma common law for breach of implied contract. (ECF No. 23 at ¶ 1). Mercy is a health system with locations in Missouri, Oklahoma, Arkansas, and Kansas. *Id.* at ¶ 15. Plaintiff, who has worked for Mercy in Oklahoma as a Unit Registration Representative since July 2016, asserts that Mercy willfully failed to compensate hourly-paid employees for work performed during meal breaks. *Id.* at ¶ 11.

On March 28, 2022, Plaintiff filed a Motion for Conditional Collective Certification. (ECF No. 37). The Court granted the motion on December 27, 2022, and certified the following FLSA collective class:

> All hourly-paid employees of the Defendants who were or are subject to the automatic meal break deduction policies at any time on or after three (3) years prior to the date on which the Court approves this collective certification.

(ECF No. 90). The Court further ordered Mercy to identify all putative members of the collective by providing their names, last known addresses, dates and locations of employment, job titles, phone numbers, and email addresses. *Id*.

## LEGAL STANDARD

Although the motion at bar is entitled "Motion to Reconsider or to Amend/Modify Order and Certify for Interlocutory Appeal," Mercy's Memorandum in Support focuses almost entirely on the standard for interlocutory appeal under 28 U.S.C. § 1292(b), as opposed to the standards for reconsideration under Rules 59(e) and 60 of the Federal Rules of Civil Procedure. Under 28 U.S.C. § 1292(b), a district court may certify a non-final order for immediate appeal if it finds that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b); *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). The Eighth Circuit has observed that motions for certification should be granted sparingly and that the movant "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White*, 43 F.3d at 376. "Inherent in these requirements is the concept of ripeness." *S.B.L. v. Evans*, 80 F.3d 307, 310 (8th Cir. 1996) (quoting *Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir.1979)) (internal quotation marks omitted). That is, "even if all three requirements are satisfied, the factual basis of a claim must be developed so that 'we can make a precise decision upon a precise record—not an abstract answer to an abstract question.'" *Id.* (quoting *Paschall*, 605 F.2d at 407).

2

**DISCUSSION**

Mercy contends there are two controlling questions of law at issue in this case: (1) the meaning of "substantial allegations" in the context of determining whether employees are "similarly situated" for the purposes of class certification, and (2) whether plaintiffs are required to show that Mercy's meal-break policy was unlawful. (ECF No. 94 at 12).

A controlling question of law is one that "may contribute to the determination, at an early stage, of a wide spectrum of cases." *E.E.O.C. v. Allstate Ins. Co.*, No. 4:04-CV-01359 ERW, 2007 WL 38675, at *3 (E.D. Mo. Jan. 4, 2007) (citing *Federal Deposit Ins. Corp. v. First Nat. Bank of Waukesha, Wis.*, 604 F.Supp. 616, 620 (D.Wis.1985)). A question of law is not controlling if it is within the discretion of the district court. *Id.*

### I.   The Standard for Conditional Class Certification

The Court agrees with Plaintiff that conditional certification of a collective class is firmly within the Court's discretion. *See Learing v. Anthem Companies, Inc.,* No. 21-CV-2283 (KMM/JFD), 2022 WL 594378, at *4 (D. Minn. Feb. 28, 2022) (explaining that courts have wide discretion to manage collective actions); *Lewis-Ramsey v. Evangelical Lutheran Good Samaritan Soc'y*, No. 3:16-CV-00026, 2017 WL 821656, at *2 (S.D. Iowa Jan. 10, 2017) ("[T]he decision to certify a collection opt-in class under § 216(b) is within the sound discretion of the district court."); *Piazza v. New Albertsons, Inc.*, No. 20-CV-03187, 2021 WL 3645526, at *2 (N.D. Ill. Aug. 16, 2021) (stating that district courts have wide discretion to manage collective actions and what evidence a court considers in determining whether to certify a collective action is not a matter of law); *Hunter v. Legacy Health*, No. 3:18-CV-02219-AC, 2021 WL 4238991, at *11 (D. Or. Apr. 13, 2021) ("Preliminary certification, to the extent it relates to the approval and dissemination of notice, is an area of substantial court discretion.").

Here, the Court followed the well-established two-step process for class certification under the FLSA. (ECF No. 90 at 3). That is, the Court considered only whether Plaintiff met the standard for *conditional* class certification, knowing full well Mercy could later move for decertification. *Id.* Despite Mercy's argument to the contrary, the Court considered the entire record when making its determination. *Id.* In fact, the Court explicitly considered the employee declarations that Mercy suggests were all-but ignored by the Court its December 27, 2022 Order. (ECF No. 90 at 9-10) Simply put, the Court reviewed the record, applied the facts to a well-established standard, and determined—in its discretion—that the putative class members were "similarly situated" to Plaintiff. *Id.*

Mercy tries to avoid this reality by arguing that the issue at hand is the "similarly situated" standard itself, not the Court's application of the facts to that standard. But Mercy fails to identify any meaningful disagreement within the Eighth Circuit regarding the appropriate standard. The Court agrees with Plaintiff's argument that any seemingly disparate conclusions among courts in this Circuit regarding FLSA class certification stem from case-specific application of facts and not pure questions of law. *See In re Dicamba Herbicides Litig.*, No. 1:16-CV-299-SNLJ, 2018 WL 3619509, at *4 (E.D. Mo. July 30, 2018) (noting the distinction between pure questions of law that can be decided without digging into the record and case-specific questions that consider whether a district court properly applied settled law). Mercy fails to present a pure question of law in this regard.

Even if the meaning of "similarly situated" in 29 U.S.C. § 216(b) is a pure question of law, Mercy fails to establish substantial grounds for a difference of opinion on the issue. Mercy argues that the Fifth Circuit's decision in *Swales v. KLLM Transp. Servs., LLC* "unquestionably" demonstrates that there are substantial grounds for difference of opinion regarding certification

4

under the FLSA. (ECF No. 94 at 7) (citing *Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430 (5th Cir. 2021)). The Court is not persuaded. In *Swales*, the Fifth Circuit abandoned the two-step approach for certification in favor of a more rigorous standard. *Swales*, 985 F.3d 430. While identification of "a sufficient number of conflicting and contradictory opinions" would provide substantial ground for disagreement, this Court is unaware of a single case from within the Eighth Circuit that applies the *Swales* standard. *See Union Cnty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 647 (8th Cir. 2008) (finding no substantial grounds for disagreement where plaintiff offered no contradictory Iowa statutes or case law). In fact, a review of the case law reveals nearly universal negative treatment of *Swales* by other district courts in this Circuit. *See Learing,* 2022 WL 594378, at *4 ("The Court declines to apply *Swales*, as have other courts in the Eighth Circuit."); *Looney v. Weco, Inc.*, No. 4:21-CV-00165-KGB, 2022 WL 4292384, at *2 (E.D. Ark. Sept. 16, 2022) ("The Court declines to apply *Swales*, as have other district courts in the Eighth Circuit."); *Clark v. Sw. Energy Co.*, No. 4:20-CV-00475-KGB, 2022 WL 993755, at *3 (E.D. Ark. Mar. 31, 2022) ("The Court declines to apply *Swales*, as have other district courts in the Eighth Circuit."); *Murphy v. Lab. Source, LLC*, No. 19-CV-1929 (ECW), 2022 WL 378142, at *11 (D. Minn. Feb. 8, 2022) (stating that *Swales* undermines the discretion afforded to district courts in implementing 29 U.S.C. § 216(b)); *McCoy v. Elkhart Prod. Corp.*, No. 5:20-CV-05176, 2021 WL 510626, at *2 (W.D. Ark. Feb. 11, 2021) (declining to follow the standard adopted in *Swales*); *Rodriguez v. Cutchall*, No. 4:20-CV-3106, 2021 WL 5911322, at *2 (D. Neb. Nov. 16, 2021), *report and recommendation adopted*, No. 4:20-CV-3106, 2021 WL 5907935 (D. Neb. Dec. 14, 2021) (declining to follow *Swales* where defendant failed to present any persuasive reason why the court should deviate from the two-step approach); *Knight v. Dakota 2000 Inc.*, No. 3:21-CV-03025-RAL, 2022 WL 15773896, at *3 (D.S.D. Oct. 28, 2022) ("[T]he [two-step] approach makes

5

sense, and most federal courts use it."); *Freeman v. Tyson Foods, Inc.*, No. 5:21-CV-05175, 2022 WL 3566615, at *3 (W.D. Ark. Aug. 18, 2022) ("This Court will continue using the two-step standard it has historically employed in FLSA collective actions[.]"). Thus, despite Mercy's contention, there appear to be no substantial grounds for difference of opinion on the appropriate standard for class certification—and thus the meanings of "substantial allegations" or "similarly situated"—under the FLSA. Indeed, the opposite appears to be true.

Finally, it is important to note that certification of the putative class at this stage is conditional by its nature. (ECF No. 90). Mercy may later move to decertify the class. *Id.* at 4. Several courts have determined that the conditionality of such certifications necessarily means they do not present controlling questions of law. *Piazza*, 2021 WL 3645526, at *2 (collecting cases).

For the foregoing reasons, the Court finds that Mercy has failed to establish a pure question of law as to the meaning of "substantial allegations" in determining whether individuals are "similarly situated" under 29 U.S.C. 216(b). Even if Mercy could establish a pure question of law, it has not demonstrated substantial grounds for a difference of opinion on the meaning or application of those terms. Thus, the Court need not address whether an immediate appeal from the order may materially advance the ultimate termination of the litigation. The Court will deny Mercy's motion as to the standard for conditional certification under § 216(b).

## II. The Lawfulness of the Meal-Break Policy

Mercy next argues that the Eighth Circuit should be allowed to consider whether Plaintiff must establish the unlawfulness of the meal-break policy before obtaining conditional class certification. (ECF No. 94 at 12). Even if the Court were to accept that this issue presents a pure

6

question of law, Mercy fails to show substantial grounds for a difference of opinion within the Eighth Circuit.

Mercy relies on the Eighth Circuit's decision in *Bouphakeo v. Tyson Foods, Inc.* to suggest that all putative class members must suffer from a single unlawful policy to be considered "similarly situated." (ECF No. 94 at 12) (citing *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014), *aff'd and remanded*, 577 U.S. 442 (2016)). It is true that the Eighth Circuit stated in *Bouaphakeo* that plaintiffs may be similarly situated when "they suffer from a single, FLSA-violating policy[.]" *Id*. at 796. But the Eighth Circuit did not state, as Mercy seems to suggest, that so long as a policy is lawful as written, it cannot form the basis for conditional certification of a putative class, even if the policy is intentionally ignored or misapplied by an employer. Mercy fails to cite any authority for its position. For that reason, not only does Mercy fail to establish substantial grounds for difference of opinion, but it also fails to demonstrate a manifest error that would warrant reconsideration under Rules 59(e) or 60 of the Federal Rules of Civil Procedure. Thus, the Court will deny Mercy's motion as to whether Plaintiff must establish the unlawfulness of the policy in question before obtaining conditional class certification under the FLSA.

## CONCLUSION

Mercy has failed to carry the heavy burden of demonstrating that the Court's Order of December 27, 2022 warrants immediate appeal. *See White*, 43 F.3d at 376. Thus, the Court will not certify its Order for interlocutory appeal. Further, Mercy does not address the standard for reconsideration under Rules 59(e) and 60 of the Federal Rules of Civil Procedure or establish any manifest error that would warrant reconsideration. Thus, the Court will not amend its December 27, 2022 Order.

Accordingly,

**IT IS HEREBY ORDERED** that Mercy's "Motion to Reconsider or to Amend/Modify Order and Certify for Interlocutory Appeal" is **DENIED**. (ECF No. 93)

**IT IS FURTHER ORDERED** that Mercy's corresponding "Motion to Stay and for Expedited Consideration" is **DENIED** as moot. (ECF No. 95).

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of February, 2023.