# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DANIELLE PECK, individually and on behalf of a class of others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | )   No. 4:21-CV-834 RLW<br>) |
| MERCY HEALTH, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' Joint Status Report and Submission of Proposed Notice and Consent-to-Sue Forms. (ECF No. 97). The parties agree on the content of the Notice of Collective Action, Consent-to-Sue Form, email notice, and email reminder ("Proposed Notice Packet"). *Id.* The parties also agree that Plaintiff may distribute the Notice and Consent-to-Sue Form via mail and email. *Id.* The parties disagree, however, as to whether Plaintiff should be allowed to notify putative collective members of this litigation via text message.

### Background

Plaintiff Danielle Peck brings this action against Defendants Mercy Health, Mercy Health Foundation, and MHM Support Services (collectively, "Mercy") for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), the Oklahoma Protection of Labor Act, Okla. Stat. tit. 40, §§ 165.1 *et seq.* ("OPLA") and Oklahoma common law for breach of implied contract. (ECF No. 23 at ¶ 1). Mercy is a health system with locations in Missouri, Oklahoma, Arkansas, and Kansas. *Id.* at ¶ 15. Plaintiff, who has worked for Mercy in Oklahoma as a Unit

Registration Representative since July 2016, asserts that Mercy willfully failed to compensate hourly-paid employees for work performed during meal breaks. *Id.* at ¶ 11.

On March 28, 2022, Plaintiff filed a Motion for Conditional Collective Certification. (ECF No. 37). The Court granted the motion on December 27, 2022, and certified the following FLSA collective class:

> All hourly-paid employees of the Defendants who were or are subject to the automatic meal break deduction policies at any time on or after three (3) years prior to the date on which the Court approves this collective certification.

(ECF No. 90). The Court also ordered Mercy to provide the names, last known addresses, dates and locations of employment, job titles, phone numbers, and email addresses of all putative collective members. *Id*. Mercy has identified approximately 58,000 potential plaintiffs. (ECF No. 102).

## Discussion

"[A] district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989) (citation and internal quotation marks omitted). "By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed." *Id.* at 172.

The Court has reviewed the parties' Proposed Notice Packet and finds it to be fair and accurate. The Court also finds that distribution of the Notice of Collective Action and Consent-to-Sue Form via U.S. Mail and email is reasonably calculated to reach putative class members. All that remains for this Court to decide is whether distribution via text message is warranted under the circumstances.

Plaintiff asserts that distribution of the Notification of Collective Action and Consent-to-Sue Form by text message will ensure that the information reaches more individuals. (ECF No. 103 at 3) (citing *Murray v. Silver Dollar Cabaret, Inc.*, No. 5:15-CV-5177, 2017 WL 514323, at *4 (W.D. Ark. Feb. 8, 2017)). Mercy argues that distribution by text message is "excessive and unwarranted." (ECF No. 102 at 4). The Court agrees with Mercy.

The Court acknowledges that other courts have permitted notice via text message in collective action cases. *See, e.g., Dickensheets v. Arc Marine, LLC*, 440 F. Supp. 3d 670, 672 (S.D. Tex. 2020); *Hancock v. Lario Oil & Gas Co.*, No. 2:19-CV-02140-JAR, 2019 WL 3494263, at *4 (D. Kan. Aug. 1, 2019). But this Court agrees with the other courts in this Circuit that have found such notice to be excessive and unnecessary. *See, e.g., Haworth v. New Prime, Inc.*, No. 6:19-03025-CV-RK, 2020 WL 1899276, at *2 (W.D. Mo. Apr. 16, 2020) ("It is further apparent to the Court that receiving a text message—which is usually automatic—is more intrusive than receiving an email."); *Lockett v. Pinnacle Ent., Inc.*, No. 19-00358-CV-W-GAF, 2021 WL 960424, at *9 (W.D. Mo. Mar. 12, 2021) (prohibiting notice via text message due to the privacy interests of potential plaintiffs); *Midgett v. Werner Enterprises, Inc.*, No. 8:18-CV-238, 2020 WL 6163019, at *4 (D. Neb. Oct. 13, 2020), *report and recommendation adopted*, No. 8:18-CV-238, 2020 WL 6779149 (D. Neb. Nov. 18, 2020) (finding that notice by text message is "excessive and potentially invasive[.]"); *Freeman v. Tyson Foods, Inc.*, No. 5:21-CV-05175, 2022 WL 3566615, at *7 (W.D. Ark. Aug. 18, 2022) (disallowing text message notice as needlessly repetitive); *Adkinson v. Tiger Eye Pizza, LLC*, No. 4:19-CV-4007, 2019 WL 5213957, at *9 (W.D. Ark. Oct. 16, 2019) (finding that notice by text message "would be needlessly repetitive[.]"). The Court will not permit Plaintiff to disseminate the Notification of Class Action and Consent-to-Sue Form via text message.

Plaintiff argues that even if this Court prohibits Plaintiff from sending text messages to all putative collective members, the Court should nevertheless permit Plaintiff to send text messages to any putative collective member whose mail and email address is inaccurate, and any putative collective member whose email address is unknown. (ECF No. 103 at 3-4). There is nothing in the record to suggest that any putative collective member's contact information will be inaccurate. The Court is unpersuaded that notification via text message is warranted under the circumstances.

## Conclusion

The Court finds that the parties' Proposed Notice Packet is fair and accurate. The Court further finds that distribution of the Notice of Collective Action and Consent-to-Sue Form by mail and email is reasonably calculated to reach putative class members. Distribution of the same via text message is unwarranted.

Accordingly,

**IT IS HEREBY ORDERED** that:

1. The Court approves the parties' proposed Notice of Collective Action, Consent-to-Sue Form, email notice, and email reminder.

2. The Court authorizes Plaintiff to disseminate the Notice of Collective Action and the Consent-to-Sue Form via U.S. Mail and email.

3. The Court authorizes Plaintiff to send the proposed email reminder 30 days after emailing the original Notice of Collective Action.

4. Putative class members shall have 60 days from the date Plaintiff first sends the Notice of Collective Action to join the litigation.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 1st day of March, 2023.