UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIELLE PECK, Individually and on behalf of a class of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>MERCY HEALTH, MERCY HEALTH FOUNDATION, and MHM SUPPORT SERVICES<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 4:21-cv-00834-AGF<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for equitable tolling of the Federal Labor Standards Act ("FLSA") statute of limitations. ECF No. 170. Plaintiff asserts that tolling is proper both with respect to the time period during which the parties engaged in mediation and for the time during which the motion for conditional certification was under submission. For the reasons set forth below, Plaintiff's motion for equitable tolling will be granted in part.

## BACKGROUND

Plaintiff Danielle Peck initiated this action on July 9, 2021 and filed an Amended Complaint on September 28, 2021 alleging that she and other similarly situated employees were deprived of wages through automatic deductions from their paychecks for meal breaks despite the fact that Defendants know they regularly work through meal breaks, in violation of the FLSA, the Oklahoma Protection of Labor Act, and Oklahoma common

Case: 4:21-cv-00834-AGF    Doc. #: 178    Filed: 05/16/25    Page: 2 of 14 PageID #: 4992

law.[1] ECF Nos. 1 and 23.  Defendants filed their Answer to Plaintiff's Amended Complaint on October 12, 2021.  ECF No. 24.  On December 28, 2021, the parties filed a joint motion to stay all deadlines pending mediation (ECF No. 28), which the Court denied; however, the Court extended all deadlines to allow the parties to pursue mediation.  ECF No. 29.  The parties attended mediation on January 26, 2022, but were unable to reach a resolution.  Declaration of Eric Sands, ECF No. 170-2 ¶ 5, n.1.

Plaintiff filed her motion for conditional collective certification on March 28, 2022 (ECF No. 37), Defendants responded on April 27, 2022 (ECF No. 47), and Plaintiff submitted her reply brief on May 18, 2022 (ECF No. 53).  On June 1, 2022, Defendants, with the Court's leave, filed a surresponse (ECF No. 57) to which Plaintiff responded with a surreply on June 15, 2022 (ECF No. 62).

On December 27, 2022, the Court conditionally certified this suit as a collective action under the FLSA.  ECF No. 90.  On January 12, 2023, Defendants filed a motion for reconsideration as well as a motion to stay and for expedited consideration.  ECF Nos. 93 and 95.  Plaintiff filed her opposition to Defendants' motion for reconsideration on January 23, 2023 (ECF No. 101) and her opposition to Defendants' motion to stay on January 26, 2023 (ECF No. 104).  Defendants filed their reply on their motion for reconsideration on January 30, 2023 (ECF No. 106) and their reply on their motion to stay on February 6, 2023 (ECF No. 108).  The Court denied Defendants' motion for reconsideration and motion

---

[1] The matter was initially before Judge Ronnie L. White before being reassigned to this Court on January 22, 2024.

2

to stay on February 7, 2023. ECF No. 109. On March 1, 2023, the Court approved the parties' proposed notice of collective action and consent to sue. ECF No. 114.

## ARGUMENTS OF THE PARITES

Plaintiff asserts that the parties agreed to toll the FLSA statute of limitations for 54 days while they mediated their dispute[2] and that the 287 days that elapsed between the date she completed briefing on her motion for conditional certification and the date the court approved the parties proposed notice and consent to sue documents constitutes an extraordinary circumstance that warrants tolling here.[3] In total, Plaintiff asks the Court to toll the FLSA statute of limitations for the Opt-in Plaintiffs who joined this action after March 1, 2024 for 341 days. Plaintiff argues that she and Opt-in Plaintiffs have diligently pursued their rights and that courts regularly grant equitable tolling for substantial lapses in time while motions for conditional certification are pending.

Defendants do not oppose tolling the statute of limitations for the 54 days when the parties pursued mediation. But Defendants argue that the remaining 287 days are not subject to tolling because Plaintiff has not identified any Opt-in Plaintiffs who have pursued their rights diligently and because the period in which the Court was considering

---

[2]   The tolling agreement between the parties covered a period running from December 13, 2021 until February 5, 2022, ten days after the completion of mediation. Declaration of Eric Sands, ECF No. 170-2 ¶ 5.

[3]   Specifically, Plaintiff asks the Court to toll the FLSA statute of limitations from May 18, 2022, when she filed her reply in support of her motion for conditional certification and March 1, 2023, when the Court approved the parties' proposed notice and consent-to-sue forms.

3

Plaintiff's motion for conditional certification and related briefing does not constitute an extraordinary circumstance that might otherwise justify equitable tolling.

## LEGAL STANDARD

Under the FLSA, claims must be "commenced within two years after the cause of action accrued," unless the violation was willful, in which case the FLSA extends the statute of limitations to three years. 29 U.S.C. § 255(a). An action is commenced under the FLSA when a party files suit, *id.* at § 256(a), but in the case of a collective action, if a party's name does not appear on the complaint, the action commences with respect to that party when they file a written consent to become a part of the collective action. *Id*. at § 256(b). As a result, the statute of limitations continues to run until a putative class member elects to join the suit. *Id.*

"The doctrine of equitable tolling permits a plaintiff to sue after the statutory time period has expired if he has been prevented from doing so due to inequitable circumstances." *Firstcom Inc. v. Quest Corp.*, 555 F.3d 669, 675 (8th Cir. 2009) (citing *Pecoraro v. Diocese of Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006)); *see also McQuiggin v. Perkins*, 569 U.S 383, 391-94 (2013) (same, with respect to equitable tolling under 28 U.S.C. § 2244(d)(1), the AEDPA statute of limitations).

While equitable tolling is not available for all statutes, "a nonjurisdictional federal statute of limitations is normally subject to a 'rebuttable presumption' in favor 'of equitable tolling.'" *Holland v. Florida*, 560 U.S. 631, 645-56 (2010) (quoting *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95-96 (1990)). Furthermore, the Supreme Court has held other statutes containing the same restrictive language as the FLSA statute of limitations are

4

subject to equitable tolling. *See United States v. Wong*, 575 U.S. 402, 414 (2015) (recognizing that the Clayton Act's statute of limitations, which contains the same "shall be forever barred phrase," is subject to tolling).

The Eighth Circuit has not directly addressed the issue of equitable tolling in an FLSA case; however, applying these principles in other cases, it has permitted equitable tolling in "extraordinary circumstances." *Smithrud v. City of St. Paul*, 746 F.3d 391, 396 (8th Cir. 2014). Equitable tolling is a limited and infrequent form of relief that requires a litigant to establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Pace v. DiGuglielmo*, 554 U.S. 408, 418 (2005)); *see also Menominee Indian Tribe of Wisc. v. United States*, 577 U.S. 250, 255 (2016) (citing *Holland*, 560 U.S. at 649). "The party who is claiming the benefit of an exception to the operation of a statute of limitations bears the burden of showing that he is entitled to it." *Motley v. United States*, 295 F.3d 820, 824 (8th Cir. 2002) (internal citation omitted). And only circumstances "truly beyond the plaintiff's control" are deemed exceptional. *Jenkins v. Mabus*, 646 F.3d 1023, 1028-29 (8th Cir. 2011).

District courts in several jurisdictions, including this one, have held that delays of varying lengths between the filing of a motion for conditional certification and a court's ruling on that motion constitute "extraordinary circumstances" that warrant the equitable tolling of the FLSA statute of limitations. *See, e.g.*, *Holmes v. AmerCable Co.*, No. 1:23-cv-01110, 2025 WL 978599, at *11 (W.D. Ark. Mar. 31, 2025) (equitably tolling the FLSA statute of limitations after recognizing that delay caused by the time required for a court to rule on a motion for certification of a collective action in an FLSA case may be deemed an

5

extraordinary circumstance); *Dempsey v. Smith's Food & Drug Ctrs., Inc.*, No. 3:24-cv-00269-ART-CSD, 2025 WL 326644, at *7-8 (D. Nev. Jan. 28, 2025) (same); *Vanorden v. ECP Optometry Servs. LLC,* No. CV-24-01060-PHX-DWL, 2024 WL 5200483, at *10 (D. Ariz. Dec. 23, 2024) (granting equitable tolling for opt-in plaintiffs due to briefing delays and delays in judicial resolution of the motion for preliminary certification); *Clenenden v. Steak N Shake Operations, Inc.*, No. 4:17-cv-01506-JAR, 2018 WL 4679728, at *4 (E.D. Mo. Sep. 28, 2018) (granting equitable tolling for potential opt-in plaintiffs after finding courts in the district regularly toll statute of limitations for the period of time during which the motion to conditionally certify is pending); *Getchman v. Pyramid Consulting, Inc.*, No: 4:16 CV 1208 CDP, 2017 WL 713034, at *6 (E.D. Mo. Feb. 23, 2017) (permitting equitable tolling for the time the court took to consider plaintiffs motion for conditional certification); *Thompson v. Direct Gen. Consumer Prods., Inc.*, No. 3:12-CV-1093, 2014 WL 884494, at *8-9 (M.D. Tenn. Mar. 5, 2014) (holding that a delay of 15 months in ruling on the motion for conditional certification was an exceptional circumstance warranting equitable tolling); *Holliday v. JS Express Inc.*, No. 4:14CV01732 ERW, 2013 WL 2395333, at *8 (E.D. Mo. May 30, 2013) (tolling the statute of limitations for the four month period from the date of the filing of the motion for conditional certification through the commencement of the notice period).

There is, however, contrary authority on this point, including from this District. *See, e.g., Brashear v. SSM Health Care Corp.*, No. 4:22-cv-00569-SRC, 2023 WL 4247601, at *3-5 (E.D. Mo. June 29, 2023) (declining to apply equitable tolling for court delays because plaintiffs failed to show extraordinary circumstances); *Dixon v. Edward D. Jones & Co.,*

6

*L.P.*, No. 4:22-cv-00284-SEP, 2022 WL 4245423, at *8 (E.D. Mo. Sep. 15, 2022) (declining to apply equitable tolling where notice would be delayed due to a court imposed stay of discovery); *Fair v. Commc'ns Unlimited Inc.*, No. 4:17CV02391 SRC, 2019 WL 4695942, at *4 (E.D. Mo. Sep. 26, 2019) (declining to apply equitable tolling after finding that time allowed for court rulings did not constitute an extraordinary circumstance); *Garrison v. ConAgra Foods Packaged Food, LLC,* No. 4:12-CV-00767-SWW, 2013 WL 1247649, at *5 (E.D. Ark. Mar. 27, 2013) (refusing without specifying the amount of time at issue, to invoke the doctrine of equitable tolling during the pendency of the motion because "equitable tolling does not apply to garden variety claims of excusable neglect"); *Sims v. Housing Auth. Of City of El Paso*, No. EP-10-CV-109-KC, 2010 WL 3221790, at *3 (W.D. Tex. Aug. 13, 2010) (requiring plaintiffs to "show that they diligently pursued their rights yet were unable to discover essential information bearing on the existence of their claim.") (internal quotations omitted).

There is also divergent caselaw over whether the named plaintiff or the opt-in plaintiffs must demonstrate diligence to establish a basis for equitable tolling.  Several courts have granted equitable tolling after finding sufficient diligence by the named plaintiff.  *See, e.g., Holmes*, 2025 WL 978599, at *11 (recognizing that plaintiffs "whose putative class representatives and their counsel are diligently and timely pursuing the claims should…not be penalized due to the courts' heavy dockets and understandable delays in rulings") (quoting *Vinsant v. MyExperian, Inc.*, No. 2:18-CV-02056, 2018 WL 3313023, at *5 (W.D. Ark. July 5, 2018)); *MacMann v. Tropicana Ent., Inc.*, 4:19 CV 404 RWS, 2020 WL 2747303, at *2 (E.D. Mo. May 27, 2020) (granting equitable tolling after

7

finding that named plaintiff had diligently pursued her case by filing numerous consents to join and actively participating in discovery); *Cummings v. Bost, Inc.*, No. 2:14-CV-02090, 2015 WL 13655466, at *8 (W.D. Ark. Apr. 13, 2015) (finding that named plaintiffs and counsel diligently pursued the claims on behalf of the putative class); *Holliday*, 2013 WL 2395333, at *7 (holding that before the provision of notice, the relevant consideration is whether the named plaintiffs diligently pursued their claims, not whether putative opt-in plaintiffs diligently pursued claims).

Other courts, however, have denied equitable tolling due to a lack of demonstrated diligence by opt-in plaintiffs. *See, e.g., Dixon*, 2022 WL 4245423, at *7 (finding the relevant question was whether potential plaintiffs diligently pursued their rights) (citing *Olukayode v. UnitedHealth Group*, No. 19-cv-1101-DSD-HB, 2020 WL 1486058, *2 (D. Minn. Mar. 27, 2020)); *Hintergerger v. Catholic Health Sys.*, No. 08-CV-380S, 2009 WL 3464134, at *15 (W.D.N.Y. Oct. 21, 2009) (denying motion for equitable tolling because the plaintiffs offered no basis to conclude that a reasonably prudent potential plaintiff would not have known of his or her rights and noting a reasonably diligent person could have acted by pursuing an individual or collective action for relief); *Love v. Phillips Oil, Inc.*, No. 3:08cv92-MCF-MD, 2008 WL 5157677, *2 (N.D. Fla. Dec. 9, 2008) (denying equitable tolling because there was "no suggestion that any potential opt-in plaintiffs who, if they acted with diligence, could not discover they might have a colorable claim for relief and file actions within the limitations period").

8

## **DISCUSSION**

Defendants do not oppose equitably tolling the FLSA statute of limitations for the 54-day period when the parties prepared for mediation. The Court agrees tolling for this period is warranted based on the agreement of the parties, and to foster efforts at an amicable resolution. *See Dempsey*, 2025 WL 326644, at *7 (tolling the FLSA statute of limitations based upon agreement between the parties).

Defendants assert, however, that Plaintiff has not shown that Opt-in Plaintiffs are entitled to equitable tolling for the further period of 287 days during which the Court considered the motion for conditional certification and related briefing. Defendants argue that the delay does not constitute an exceptional circumstance and that Plaintiff has failed to demonstrate that the Opt-in Plaintiffs have diligently pursued their rights. Specifically, Defendants appear to argue that the amount of time the Court takes to decide a motion for conditional certification is routine and normal, regardless of duration, and that to hold otherwise would be to state that any potential plaintiff should be automatically entitled to equitable tolling while that motion is being decided by the Court.

Plaintiff argues that she has demonstrated that she has diligently pursued her claims and that the 287 days when the Court considered the motion for conditional certification and related briefing was an exceptional circumstance beyond the Opt-in Plaintiffs' control warranting equitable tolling, as this Court has held previously in *Davenport v. Charter Commc'ns, LLC*, No. 4:12CV007 AGF, 2014 WL 2993739 (E.D. Mo. July 3, 2014). Plaintiff also argues that tolling the statute of limitations would not unfairly prejudice Defendants and that a failure to toll the statute of limitations would negatively impact many

9

of the Opt-in Plaintiffs. Defendants have not contested or challenged any of Plaintiff's assertions regarding prejudice.

The Court finds Plaintiff's arguments more persuasive. At least some portion of the time-period in which the Court considered the motion for conditional certification and related briefing was not an ordinary procedural delay of the type anticipated under the FLSA's statutory scheme and amounts to an "extraordinary circumstance" warranting equitable tolling. *See, e.g., Davenport*, 2014 WL 2993739, at *8; *Holliday*, 2013 WL 2395333, at *8; *see also Thompson*, 2014 WL 884494, at *8 (holding that a significant delay, whether arising from "[a]ggresive motion practice" or a "[c]ourt's heavy docket," should not be permitted "to extinguish putative class members' claims"). While Plaintiff argues that the Court should treat her motion for conditional certification as fully briefed after she filed her reply on May 18, 2022, the Court will instead consider briefing on the motion as completed on June 15, 2022, when Plaintiff filed her surreply. Defendants reasonably received leave from the Court to file a surresponse to contest factual matters raised in the reply. ECF Nos. 55 and 56. Critically, the parties conferred and Plaintiff did not oppose Defendant's leave to file a surresponse on the condition that she could file a surreply of equal length, which the Court permitted. ECF Nos. 55 and 56.

More than six months passed between the conclusion of briefing and the ruling on the motion for conditional certification. Thereafter, the delay providing notice to the Opt-in Plaintiffs in this case was attributable in large part to Defendants' actions in filing a motion for reconsideration and a stay. *See Vanorden*, 2024 WL 5200483, at *10 (granting equitable tolling where defendants were responsible for delays in the typical briefing

10

schedule for a motion for preliminary certification). The Court does not fault Defendants for motions that resulted in further delay, but the Opt-in Plaintiffs should not suffer the consequences of excessive delay truly beyond their control that followed after Plaintiff's motion for conditional certification was fully briefed. *Id*.

The Court is also persuaded that Plaintiff has been diligent in pursuit of her claims. While some courts in this district have held that Plaintiff must demonstrate diligence on the part of potential Opt-in Plaintiffs, this Court remains more persuaded by those cases that have concluded that prior to the provision of actual notice, the relevant consideration is whether the named plaintiff diligently pursued the claim on behalf of the class, not whether putative opt-in plaintiffs diligently pursued their individual claims. *Davenport*, 2014 WL 2993739, at *7 (citing *Holliday*, 2013 WL 2395333, at *7); *see also Hyde v. Fricker's USA, LLC*, No. 1:22-cv-591, 2024 WL 417903, at *6 (S.D. Ohio, Sep. 16, 2024) (finding that the named plaintiff diligently pursued her rights in filing her motion for conditional certification and recognizing that in the context of an opt-in collective action, diligence could only be measured for opt-in plaintiffs once they were aware of their rights to join the case); *Jackson v. Bloomberg, L.P.*, No. 13 Civ.2001(JPO), 2014 WL 1088001, at *17 (S.D.N.Y. Mar. 10, 2014) (explaining that "plaintiffs wishing to pursue their rights cannot sit on them indefinitely, [but] those whose putative class representatives and their counsel are diligently and timely pursuing the claims should also not be penalized due to the courts' heavy dockets and understandable delay in rulings") (internal quotation omitted); *Thompson*, 2014 WL 884494, at *8 (courts do not attribute constructive knowledge of a pending FLSA lawsuit to putative plaintiffs). Furthermore, requiring Opt-

11

in Plaintiffs to actively pursue their own litigation prior to notice of the collective action could undermine the FLSA collective action as a valid litigation tool permitted under the statutory scheme. *Hart v. Gov't Emps. Ins. Co.*, 609 F. Supp. 3d 323, 331 (M.D. Pa. 2022).

The Court finds that Plaintiff was sufficiently diligent in filing her motion for conditional certification just over two months after attempts at mediation failed. *See Engel v. Burlington Coat Factory Direct Corp.*, No. 1:11cv759, 2013 WL 5177184, at *2 (S.D. Ohio, Sep. 12, 2013) (finding the plaintiffs were sufficiently diligent after filing their motion for conditional certification in less than three months following the failure of mediation and granting equitable tolling).

Finally, considering the balance of equities affected by permitting tolling here, the Court is satisfied that tolling of the statute of limitations will not unfairly prejudice Defendants. Defendants have raised no argument that they would be prejudiced if the Court were to grant equitable tolling here; nor have they challenged Plaintiff's assertion that she and the Opt-In Plaintiffs would be prejudiced if the Court declined to equitably toll the FLSA statute of limitations due to the delay in resolving the motion for conditional certification and approving notice to the class.

The proposed scope of the conditional class was evident to Defendant throughout the pendency of the motion for conditional certification. *Vanorden*, 2024 WL 5200483, at *9. By contrast, in the absence of tolling, Defendants would experience a windfall – a reduction in potential damages – as a result of the demands of the Court's docket and its delay in ruling expeditiously on the motion. *See, e.g., Dempsey*, 2025 WL 326644, at *7 (granting equitable tolling after recognizing that potential opt-in plaintiffs could suffer

12

significant prejudice as their claims fall out of the statute of limitations period before they are notified of the action and that there was no prejudice to defendants because they were fully aware of their scope of potential liability on the date the suit was filed); *Thompson*, 2014 WL 884494, at *9 (finding that equitable tolling would not prejudice defendants who knew the scope of liability from the date the suit was filed).  The Court believes that such a result should be avoided.

This leaves a determination of the proper amount of time to be tolled.  Plaintiff cites frequently to this Court's decision in *Davenport*.  She omits, however, that this Court also declined to toll the statute of limitations until sixty days following the date briefing was completed on the amended motion for certification.  As this Court stated, sixty days represents the "normal" passage of time required for the briefing of the motion and for the Court's consideration that would have been anticipated in the design of the certification process under the FLSA.  *See Davenport*, 2014 WL 2993739, at *8.  This Court recognized that the additional time it took to decide the fully-briefed motion after sixty days had passed became "'extraordinary circumstances' attributable to the Court's delay, warranting equitable tolling[.]" *Id.* (citing *Small v. Univ. Med. Ctr. Of S. Nev.*, No. 2:13-cv-00298-APG-PAL, 2013 WL 3043454, at *4 (D. Nev. June 14, 2013)).  The Court will follow the same approach here.  And the Court notes that further delay was a result of Defendants' motion for reconsideration.  Thus, in addition to the time period attributable to mediation, the statute of limitations will be tolled from sixty days after briefing was completed until the Court approved the notice and consent to sue.

13

## CONCLUSION

On the basis of the foregoing, the Court will grant Plaintiffs' motion in part and will toll the FLSA statute of limitations for a total of 253 days, representing the sum of (1) the period of 54 days that parties prepared for and engaged in mediation, and (2) a period of 199 days representing the excess time that the Court considered Plaintiff's fully-briefed motion for conditional certification beyond the "normal" sixty days.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for equitable tolling of the FLSA statute of limitations is **GRANTED in part**. ECF No. 170.

**IT IS FURTHER ORDERED** that the statute of limitations on Plaintiffs' FLSA claims is tolled for the period of December 13, 2021 to February 5, 2022, and for the period of August 14, 2022 (sixty days after Plaintiff submitted her surreply in support of her motion for conditional class certification) through March 1, 2023 (the date the Court approved the parties' proposed notice and consent-to-sue documents), for a total of 253 days.

AUDREY G. FLEISSIG  
UNITED STATES DISTRICT JUDGE

Dated this 16th day of May, 2025.